NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| GOLDA HARRIS, | : | |
|---|---|---|
| Plaintiff, | : | Civ. No. 18-3752 (PGS-TJB) |
| v. | : | |
| NEW JERSEY PAROLE BOARD, et al, | : | MEMORANDUM |
| Defendants. | : | |

**PETER G. SHERIDAN, U.S.D.J.**

This matter comes before the Court on Golda Harris' civil rights complaint brought pursuant to 42 U.S.C. § 1983. (ECF No. 1). This Court must now review the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint shall be dismissed without prejudice.

I.

Plaintiff is a convicted and sentenced state prisoner presently confined in the Edna Mahan Correctional Facility, ("EMCF") in Clinton, New Jersey. She alleges the New Jersey Parole Board ("the Board") "allows the implementation of arbitrary and illegal policies and procedures by its staff; and failed to enforce its own regulations and rule in compliance with legislative intent . . . ." (ECF No. 1 ¶ 1). She claims the Board illegally extended her 11-year sentence by 83 days, aggravating her PTSD, anxiety, and depression. (*Id.*). She further alleges

the New Jersey Department of Corrections ("NJDOC") "allows the implementation of arbitrary and illegal policies and procedures by its staff; and failed to enforce its own regulations" and failed to correctly train their staff "and/or continue to employ individuals who are unqualified, untrained or unwilling to be trained. They continue to cease [sic] the parole and sentence miscalculations." (*Id.* ¶ 2).

Plaintiff also brings claims against Sarah Davis, an EMCF administrator, alleging she "failed to stop the wrongdoing" and "ensure compliance with parole eligibility terms and consecutive sentencing laws . . . ." (*Id.* ¶ 3). Plaintiff alleged Ms. Davis also "failed to ensure the records of [her] (4) completed college courses was safeguarded and made part of [her] permanent record . . . ." (*Id.*). Plaintiff alleges Charlie Jones, a member of the Parole Board, "yelled at me in an unprofessional manner on tape at the 2/18/18 parole hearing that, '"You are not an attorney!'" (*Id.* ¶ 4). She claims Mr. Jones "incorrectly" denied her parole. (*Id.*). She also asserts Mr. Jones falsely accused her of assaulting a NJDOC employee. She also raises claims against Parole Board member Trudy M. Steinhardt and Director David Thomas.[1]

## II.
### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua

---

[1] Plaintiff filed a document captioned as a "motion for permission to sur-reply and an explanation." (ECF No. 3). The Court construes this a motion to supplement the complaint and grants the request. The Court notes for the record that pages 11-17 of the document are for a different civil matter, *Harris v. Mercer County Community College*, No. 18-11139, that were inadvertently included on this docket.

2

sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from governmental employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). However, pro se litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

3

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III.

Plaintiff raises the following issues before the Court: (1) "miscalculation of Parole Board, prison officials and ICC and refusal to correct the errors or sentence"; (2) "Double Jeopardy and Double Jeopardy Attachment causing <u>increase in prison and my original term</u>"; (emphasis in original); "Denial of mandatory parole and credits for rehabilitation on a NERA sentence"; (4) arbitrary decisions causing mistaken & false imprisonment, indifference and bias to Plaintiff"; and (5) "compensatory damages, punitive damages and nominal damages." (ECF No. 1-1 at 1). She asks the Court to immediately release her on parole and give her credit for parole as of March 22, 2015. (ECF No. 1 at 7). She also requests damages. (*Id.*).

She states that she was denied bail on September 29, 2008 and sentenced on December 12, 2008. (ECF No. 3 at 5). She asserts the Parole Board intentionally gave her "a parole hit in excess of state statute ... based on false prison records agency miscalculations and were done in violation of the state prison regulation and laws of the State." (*Id.* at 5-6). Essentially, she asserts defendants wrongfully denied her mandatory parole.

4

## A. Immunity

Several of the defendants sued by Plaintiff are immune from suit under § 1983 on the claims raised in the complaint. The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As such, the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (holding that the *Ex Parte Young* exception to Eleventh Amendment immunity is inapplicable to "the States or their agencies, which retain their immunity against all suits in federal court"). Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338 (1979). Courts have repeatedly held that NJDOC and the Parole Board are state agencies entitled to immunity. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 224 n.9 (3d Cir. 2015) ("[T]he Court correctly dismissed the NJDOC from this case on Eleventh Amendment grounds."); *McCargo v. Hall*, No. 11-533, 2011 WL 6725613, at *2 (D.N.J. Dec. 20, 2011) ("[T]he Parole Board is an agency of the New Jersey state government, and thus not amenable to suit in federal court under the doctrine of sovereign immunity."). As such, all claims against the NJDOC and Parole Board are dismissed with prejudice.

Moreover, the Third Circuit has ruled that "probation and parole officers are entitled to absolute immunity when they are engaged in adjudicatory duties," such as serving as a hearing examiner or making a decision to revoke or deny parole. *Wilson v. Rackmill*, 878 F.2d 772, 775-76 (3d Cir. 1989); *accord Keller v. Pa. Bd. of Prob. & Parole*, 240 F. App'x 477, 480 (3d Cir.

5

2007). Parole officers may only assert qualified immunity for actions taken in their executive and administrative capacities. *Wilson*, 878 F.2d at 776.

Mr. Thomas is the Director of the Parole Board. (ECF No. 1 at 4). Ms. Steinhardt and Mr. Jones are members of the Board. (*Id.* at 5). Plaintiff argues these defendants were biased against her during her hearing, wrongfully denied her release on parole, and improperly upheld the decision. (*Id.*). As these claims arise out of the Parole Board members' adjudicatory responsibilities, they are absolutely immune from suit under § 1983. *See Keller*, 240 F. App'x at 480 (holding parole officer entitled to absolute immunity for taking part in deciding whether inmate should be granted parole). The § 1983 claims are dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(B)(iii).

## B. Remaining Claims

The only remaining federal claims are against Ms. Davis. The Court will dismiss these claims for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff alleges Ms. Davis failed to stop the "wrongdoing by her staff," but does not set forth what wrongdoing she failed to stop. The allegation that Ms. Davis did not make sure Plaintiff's college records were part of her inmate record does not state a federal claim. Plaintiff makes vague allegations of failing to train EMCF staff, but again does not provide any details. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff may show deliberate indifference in a failure-to-train case in one of two ways: (1) through a pattern of similar constitutional violations providing a defendant with notice of the need for training; and (2) demonstrating "single-incident" liability for circumstances in which training is obviously necessary to avoid constitutional violations. *See*

*Connick v. Thompson*, 563 U.S. 51, 62 (2011). There are insufficient facts in the complaint and supplement to establish plausible liability on either theory.

Because Plaintiff has failed to state a claim in her complaint, the Court will dismiss the complaint without prejudice. Plaintiff may move for leave to amend her complaint within 30 days by providing additional facts. Any motion to amend must be accompanied by a proposed amended complaint. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. (*Id.*). To avoid confusion, the safer course is to file an amended complaint that is complete in itself. (*Id.*). The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

In determining whether to submit a motion to amend, Plaintiff should consider the following: In *Wilkinson v. Dotson*, the Supreme Court held that prisoners may challenge the constitutionality of state parole proceedings in § 1983 actions only in cases where the success of the procedural challenges would not necessarily require immediate or speedier release for the prisoner. 544 U.S. 74 (2005). "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of [her] confinement.'" *Id.* at 78 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). In other words, the Court cannot order Plaintiff's release from custody in a § 1983 action. Such relief may only be granted under 28 U.S.C. § 2254 after

Plaintiff has exhausted her state court remedies. *See Hunterson v. DiSabato*, 308 F.3d 236, 244 (3d Cir. 2002) (state prisoners may use § 2254 to challenge decisions of the Parole Board).

### IV.

For the reasons stated above, the complaint is dismissed without prejudice. An appropriate order follows.

DATED: Jan 22, 2019

_____
PETER G. SHERIDAN
United States District Judge